**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DILPREET SINGH (A No. 226-114-580),<br><br>                              Petitioner,<br><br>v.<br><br>ANDREWS, et al.,<br><br>                              Respondents. | Case No. 1:26-cv-03299-JLT-EPG<br><br>ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND ORDERING PETITIONER'S IMMEDIATE RELEASE<br>(Docs. 1, 2) |

## I.      INTRODUCTION

Before the Court is Dilpreet Singh's request for a temporary restraining order (Doc. 2), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241 challenging his ongoing detention. (Doc. 1.) The government filed a response to the TRO and the underlying petition, asserting only that the petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2), a legal position that this Court has rejected repeatedly. (Doc. 7 at 1–2.) Thus, the Court **GRANTS** the petition for writ of habeas corpus.[1]

---

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 5.) Neither party requests a hearing or additional briefing, and Respondents indicate they are "amenable to [a] . . . ruling on the underlying habeas petition." (Doc. 7 at 1; Doc. 8.) Considering this and given that Respondents had notice and opportunity to respond, the Court decides this case on the underlying habeas petition.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for writ of habeas corpus in which the petitioner asserts he is being held in custody "in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Petitioner seeks his immediate release from custody, which he contends violates the Fifth Amendment Due Process Clause under the United States Constitution. (Doc. 1 at 16–18.) Thus, he properly invokes the Court's habeas jurisdiction.

The INA limits judicial review in many instances. Though 8 U.S.C § 1252(g) precludes this Court from exercising jurisdiction over the executive's decision to "commence proceedings, adjudicate cases, or execute removal orders against any alien," there is no removal order at issue here and the central issue is Petitioner's continued detention. Thus, this Court has the authority to review Petitioner's habeas petition. *See Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (holding that § 1252(g) precludes judicial review only as to the three areas specifically outlined in the subsection); *Reno v. American–Arab Anti–Discrimination Comm.*, 525 U.S. 471, 482 (1999).

## III.   BACKGROUND

Petitioner is from India who entered the United States on or around July 15, 2024, and was apprehended by Customs and Border Protection. (Doc. 1 at 2, 5.) On July 16, 2024, Petitioner was released from custody on an Order of Release on Recognizance. (*Id*.; *see also* Doc. 2-3 at 12; Doc. 7 at 12–16.) Among other things, his order of release required him not to violate any local, State, or Federal laws or ordinances, and to report in person to his local ICE reporting location. (Doc. 2-3 at 12–13.) On July 18, 2024, Petitioner was enrolled in an Alternatives to Detention program. (Doc. 7 at 17.) On July 16, 2024, Petitioner also received a Notice to Appear, charging Petitioner as removable under § 212(a)(6)(A)(i) of the Immigration and Nationality Act. (Doc. 2-3 at 8–9.) Soon after his release, Petitioner filed an asylum application with the immigration court, which remains pending. (Doc. 1 at 15; *see also* Doc. 2-3

at 16–27.) Petitioner eventually obtained Employment Authorization and began working full time around May 8, 2025. (Doc. 1 at 15.) Petitioner is not currently subject to a final order of removal.[2] (*Id*. at 16.)

Petitioner claims he has no criminal history and is not a flight risk or danger to the community. (Doc. 1 at 16; *see also* Doc. 2-3 at 14.) Respondents present no argument or evidence to the contrary, (*see* Doc. 7 at 6), however contend that Petitioner's re-detention was justified due to "several ATD violations." (*Id*. at 1.) In support of this contention, Respondents present only an I-213 indicating that Petitioner "has had several violations since December 11, 2024." (*Id*. at 5.) Though unclear, it appears that deportation officers obtained this information through a record check in ICE's databases. (*Id*.) Apart from the I-213, Respondents do not identify the date and type of violation, the quantity of violations, or provide any other substantive evidence in that regard. (*See* Doc. 7.) Petitioner argues that "Respondents' characterization of Petitioner as a flight risk is unsupported by the actual record. Any alleged ATD violation resulted from a technical or monitoring-related issue, not intentional noncompliance or evasion." (Doc. 8 at 2.) Instead, Petitioner states that he "consistently complied with ICE reporting requirements and appeared whenever instructed to do so." (*Id*.) On April 25, 2026, ICE re-detained the Petitioner after he presented himself for a routine check-in appointment. (Doc. 1 at 15; Doc. 7 at 5.) Petitioner was subsequently transferred to the Golden State Annex Detention Facility in Bakersfield, California, where he remains. (*Id*. at 5.)

## IV.   DISCUSSION

The government filed an opposition to the petition and motion for temporary restraining order, arguing that Petitioner's detention is "mandatory" as an "applicant for admission" under expedited removal procedures set forth at 8 U.S.C. § 1225(b)(2). (Doc. 7 at 1–2.) Respondents offer little to rebut Petitioner's due process claim and make no effort to distinguish this current case from the numerous cases issued by the undersigned, finding this legal position to be

---

[2] Upon entering Petitioner's A-Number into EOIR's website, the automated case information indicates that Petitioner's immigration case was opened July 17, 2024, and remains pending with no final order of removal in place. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited May 14, 2026).

3

incorrect and the detention unlawful. *J.S.H.M. v. Wofford*, No. 1:25-CV-01309-JLT-SKO (HC) (E.D. Cal. Oct. 16, 2025); *Ortiz Donis v. Chestnut,* No. 1:25-CV-01228-JLT-SAB (HC), 2025 WL 32879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT (HC), 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026). Therefore, the Court finds that Petitioner's re-detention under without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment.

Respondents further argue that Petitioner's re-detention was justified "due to several ATD violations." (Doc. 7 at 1.) But Respondents do not provide any detail regarding the date and type of violation, do not attach a copy of the ATD violation log, do not include records from the ICE database, and do not provide any declaration from the deportation officers who conducted the records search. (Doc. 7.) At most, Respondents include an I-213 which suggests that the ICE database indicates that Petitioner has several violations since December 11, 2024. (*Id*. at 5.) In response, Petitioner argues that any such characterization of him as a flight risk is "unsupported by the actual record" and that he "consistently complied with ICE reporting requirements and appeared whenever instructed to do so." (Doc. 8 at 2.)

Though this Court would generally order a bond hearing as the appropriate remedy in cases of alleged ATD violations, this Court finds that Respondents failed to provide sufficient, independent verifiable supporting documentation regarding the quantity, nature and substance of Petitioner's alleged ATD violations. *Cf. Bejarano v. Chestnut, et al.*, No. 1:25-cv-01905-JLT-SAB, 2026 WL 92018, at *2, 4–6, 7 (E.D. Cal. Jan. 13, 2026) (ordering a post-deprivation bond hearing because respondents' evidence—including a comprehensive list of the date/type of violation and a declaration from a deportation officer who referenced three exhibits from DHS records—adequately demonstrated legitimate violations and were not obviously pretextual for petitioner's arrest); *Nateros v. Chestnut, et al.*, No. 1:25-cv-01950-JLT-SKO, 2026 WL 177799,

at *2, 4, 6 (E.D. Cal. Jan. 22, 2026) (ordering a post-deprivation bond hearing because respondents' evidence—including attached exhibits showing at least ten documented ATD violations and petitioner's admitted failure to comply with timely check-ins—constituted sufficient evidence and adequate rationale for re-arresting the petitioner); *Jimenez v. Lyons*, *et al.*, No. 1:25-cv-02052-JLT-CDB, 2026 WL 145675, at *1, 4, 6 (E.D. Cal. Jan. 20, 2026) (same); *Martinez Hernandez v. Andrews, et al.*, No. 1:25-cv-01035-JLT-HBK, 2025 WL 2495767, at *4, 11–12 (E.D. Cal. Aug. 28, 2025) (same).

Instead, this case is more akin to *Rocha Chavarria* and similar case law, which finds that the government's unsubstantiated allegations of ATD violations fail to adequately show a change in circumstances such that re-detention was justified and not clearly pretextual. *See Rocha Chavarria v. Chestnut, et al.*, No. 1:25-cv-01755-DAD-AC, 2025 WL 3533606, at *1–2, 5 (E.D. Cal. Dec. 9, 2025) (ordering petitioner's immediate release, in part, because respondents failed to identify the alleged violations nor suggest that such violations justified petitioner's re-detention); *Bernal v. Albarran, et al.*, No. 25-cv-09772-RS, 2025 WL 3281422, at *5–6 (N.D. Cal. Nov. 25, 2025) (finding that record did not support a finding of release violations because the deportation officer's allegations were either contradicted or unsubstantiated by the record). Similarly, Respondents fail to substantively identify the alleged ATD violations and do not offer evidence in that regard. It was not until after Petitioner arrived for a scheduled check-in appointment that ICE ran a records check and subsequently decided to detain him due to "several violations." (Doc. 7 at 5); *see E.A.T.-B v. Wamsley*, No. C25-1192-KKE, 2025 WL 2402130, at *4 (W.D. Wash. Aug. 19, 2025) (ordering petitioner's immediate release where ICE's post-hoc explanation that ATD violations warranted his detention was pretextual, in part, because ICE first became aware of petitioner's alleged ATD violations a few hours before his immigration hearing). Instead of identifying those violations, Respondents rely entirely on a vague allegation. (*See* Doc. 7 at 5); *Bernal*, 2025 WL 3281422, at *5 ("Without any additional detail, there is simply not enough support for [r]espondents' assertion that [petitioner] breached the terms of her release.").

///

For the foregoing reasons, the Court **ORDERS**:

1.      The petition for writ of habeas corpus, (Doc. 1), is **GRANTED** for the reasons stated in the orders cited above. Petitioner **SHALL** be **RELEASED IMMEDIATELY.**

2.      The motion for temporary restraining order, (Doc. 2), is **DENIED** as **MOOT**.

3.      Respondents are **ENJOINED** and **RESTRAINED** from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter pursuant to section 1226(a) and applicable regulations, at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified[3];

3.      The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California with a copy of this Order.

4.      The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **May 15, 2026**

UNITED STATES DISTRICT JUDGE

---

[3] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.